February 5, 2013

The Honorable Ruth Jones McClendon
Chair, Committee on Rules and Resolutions
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0988

Re: Whether a county may provide mandatory solid waste disposal services, by contract or otherwise, in an area of the county that is within the extraterritorial jurisdiction of a municipality but that is not receiving such service from the municipality (RQ-1081-GA)

Dear Representative McClendon:

You ask whether a county may provide mandatory solid waste disposal services, by contract or otherwise, in an area of the county that is within the extraterritorial jurisdiction ("ETJ") of a municipality but that is not receiving such service from the municipality.[1] According to your letter, there are areas in municipal ETJs where neither the municipality nor the county provide solid waste services. Request Letter at 1. You ask first about a county's authority to provide such services under section 364.034 of the Health and Safety Code (the "Code"), particularly in light of language concerning county authority in section 364.011 of the Code. *Id.* at 1–2.

When construing a statute, courts attempt to give effect to the Legislature's intent as expressed in the statute's plain language. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Section 364.034 provides that a "public agency or a county may: (1) offer solid waste disposal service to persons in its territory; [and] (2) require the use of the service by those persons." TEX. HEALTH & SAFETY CODE ANN. § 364.034(a) (West 2010). A municipality is a "public agency" under the statute. *Id.* § 364.003(3). Thus, section 364.034 authorizes both a municipality and a county to offer solid waste disposal services to persons in "its territory."

While section 364.034 does not expressly state which entity or entities may provide solid waste services in an ETJ, the section recognizes that more than one entity may be authorized to provide solid waste disposal services in the same area. To resolve the potential conflict created by overlapping authority, subsection (e) provides that the section does not apply to persons who

---

[1]*See* Letter from Honorable Ruth Jones McClendon, Chair, House Comm. on Rules & Resolutions, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 31, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

document that they already receive solid waste services from another entity.  *Id.* § 364.034(e). Subsection (e) further allows a municipality to grant a franchise or enter into a contract for services that supercedes, inside the municipality's "boundaries," any other contract or franchise.  *Id.*  Thus, in isolation, section 364.034 suggests that a county may be authorized to provide mandatory solid waste disposal services to a person in a municipality's ETJ who does not receive such service from the municipality.

However, statutory provisions are not to be construed in isolation, but instead must be read in the context of the statutory scheme in which they appear.  *See Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000).  As you note, chapter 364's only reference to an ETJ appears in section 364.011(a) of the Code, which provides that,

> [s]ubject to the limitation provided by Sections 361.151 and 361.152 (Solid Waste Disposal Act), a commissioners court by rule *may regulate solid waste collection*, handling, storage, and *disposal in areas of the county not in a municipality or the extraterritorial jurisdiction of a municipality.*

TEX. HEALTH & SAFETY CODE ANN. § 364.011(a) (West 2010) (emphasis added); *see also* Request Letter at 2.  It is difficult to envision that a county could offer mandatory solid waste disposal services in a municipality's ETJ in a manner that would not constitute "regulat[ion of] solid waste collection, handling, storage, and disposal."  TEX. HEALTH & SAFETY CODE ANN. § 364.011(a) (West 2010).  Such regulation in a municipality's ETJ would violate the plain terms of section 364.011.  Thus, while section 364.034 authorizes a county to provide mandatory solid waste disposal services in its territory, section 364.011 limits that authority by denying a county authority to regulate in a municipality's ETJ.

Regardless of a county's independent authority to provide mandatory solid waste disposal services in a municipality's ETJ, chapter 364 elsewhere authorizes a county to provide such services by agreement with the pertinent municipality.  The stated purpose of chapter 364 "is to authorize a cooperative effort by counties, public agencies, and other persons for the safe and economical collection, transportation, and disposal of solid waste."  *Id.* § 364.002.  Section 364.031 expressly authorizes cooperative contracts:

> A public agency may contract with another public agency or a private contractor for the other public agency or private contractor to:
>
> (1)  make all or part of a solid waste disposal system available to a public agency, a group of public agencies, or other persons; and

> > (2) furnish solid waste collection, transportation, handling, storage, or disposal services through the other public agency's or private contractor's system.

*Id.* § 364.031(a).  Both counties and municipalities are "public agencies" under chapter 364.  *See id.* §§ 364.003(3) (definitions), 364.013 (county authority), 364.034(e) (referring to a "public agency" as including a county).  Thus, chapter 364 authorizes a county to contract with a municipality for the county to provide mandatory solid waste disposal services in an area of the county that is within the municipality's ETJ.[2]

---

[2]Because we conclude that section 364.031 of the Health and Safety Code authorizes a contract between a county and a municipality for the county to provide solid waste disposal services in the municipality's ETJ, we do not address whether the Interlocal Cooperation Act would also authorize such a contract.  *See* TEX. GOV'T CODE ANN. § 791.011 (West 2012); *see also* Request Letter at 2.  For the same reason, we do not address your question about legislative action necessary for a county to provide solid waste disposal services in such an ETJ.

## S U M M A R Y

While section 364.034 of the Health and Safety Code authorizes a county to provide mandatory solid waste disposal services in its territory, section 364.011 limits that authority by denying a county authority to regulate in a municipality's ETJ.

Section 364.031 of the Health and Safety Code authorizes cooperative agreements between a municipality and a county that would permit the county to provide mandatory solid waste disposal services in an area of the county that is within the extraterritorial jurisdiction of the municipality that is not receiving such services from the municipality.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee